## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**CHRISTINE GREEN**  **CIVIL ACTION**
**o/b/o T.G.**

**VERSUS**  **NO: 09-6577-KDE-SS**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION**

## REPORT AND RECOMMENDATION

Before the undersigned is the application of the plaintiff, Christine Green on behalf of her minor child, TG, for attorney's fees. The application is made pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. The plaintiff seeks an award of $4,671.00 in attorney's fees.

## ANALYSIS

In its response, the defendant, Michael J. Astrue, Commissioner of Social Security ("Commissioner"), objects that: (1) the plaintiff seeks excessive time for document review; (2) the increase in the hourly rate is not justified; and (3) the fees should be payable to the party and not the party's attorney. Rec. doc. 25. The plaintiff agrees that the fees should be paid to her and not to her attorney. Rec. doc. 27 at 7.

A.   Excessive Time.

The plaintiff submitted an affidavit from her attorney with time entries. Rec. doc. 22 (Attachment). No entry is for less than one-quarter of an hour. The Commissioner contends that the eleven quarter hour entries should be reduced to entries of six minutes each.

In two unpublished opinions the Fifth Circuit refused to interpret regulations governing the

U.S. Department of Labor's Benefits Review Board as authorizing "rounding up" to quarter-hour increments for work that was actually performed in a shorter period of time.  See <u>Ingalls Shipbuilding, Inc. v. Director OWCP [Fairley]</u>, No. 89-4459 (5th Cir. July 25, 1990), (unpublished) and <u>Ingalls Shipbuilding v. Director, OWCP [Briggs]</u>, No. 94-40066, 46 F.3d 66 (5th Cir. Jan. 12, 1995) (unpublished).  According to 5th Cir. Rule 47.5.3, "[u]npublished opinions issued before January 1, 1996, are precedent."  See also <u>Conoco, Inc. Director, OWCP [Prewitt]</u>, 194 F.3d 684, 689 (5th Cir. 1999).  The plaintiff is required to demonstrate billing judgment.  Billing judgment refers to the usual practice of law firms writing off unproductive, excessive, or redundant hours. <u>Walker v. City of Mesquite</u>, 313 F.3d 246, 251 (5th Cir. 2002).  In <u>Cambridge Toxicology Group, Inc. v. Exnicios</u>, 495 F.3d 169, 181 (5th Cir. 2007), the Fifth Circuit affirmed reduction for billing judgment because of rounding up in quarter hour increments.

The hours sought by plaintiff will be reduced from 23.50 hours to 21.85 hours.

B.     <u>Hourly Rate</u>

The statutory maximum rate is $125.00 per hour "unless the court determines that an increase in the cost of living or a special fact . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A)(ii).  The $125 hour rate was established in 1996.  Because of the cost of living, the plaintiff contends that the hourly fee should be increased to $174.62.  The Commissioner contends that: (1) an increase in the hourly rate is not justified; and (2) the cost of living does not automatically justify a cost of living increase.

If Congress intended that the rates be adjusted automatically for cost of living increases, it could have so provided.  A mere showing that the cost of living has increased is insufficient.  The

2

plaintiff pursued this claim on behalf of a minor. Such cases are difficult. It is reasonable to provide the plaintiff with some increase in the hourly rate considering the difficulty of the case. The statutory rate will be increased to $150.00 per hour.

C.      Conclusion.

The plaintiff will be awarded 21.85 hours at the rate of $150 per hour for a total fee of $3,277.50. The plaintiff did not seek any costs.

## RECOMMENDATION

It is RECOMMENDED that the application of the plaintiff, Christine Green on behalf of her minor child, TG, for attorneys fees and costs (Rec. doc. 22) be GRANTED and that she be awarded $3,277.50 as attorney's fees.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. USAA, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 7th day of November, 2011.

                                                      **SALLY SHUSHAN**
                                                     **United States Magistrate Judge**